### BEEBE v. TRAFFORD.

A parent may submit to arbitration, a trespass committed upon his infant child, and it shall not vitiate the award, that the damages awarded are blended with other damages belonging wholly to the parent.

IN an action of debt on bond — the defendant, after oyer, set forth a condition, in the following words, viz.—" It is covenanted between the said parties, to refer and submit the

whole matter (in every consideration) of the injury done to the private parts of E. B. Jr. son to E. B. aforesaid, by S. B. son to the wife of W. T. some time in November instant, to be finally settled and determined by the arbitrament and award of Messrs. N. H., J. B. and N. B. Said arbitrators to determine what damages said Trafford shall allow said Beebe, for the injury aforesaid," etc.—And concluded *nul fait agard.*

Replication.—That true, the obligation was given to compel the defendant to abide and perform the award of said arbitrators, relative to a most cruel and barbarous injury, done and committed by S. B. son to the wife of the defendant, a young man, about nineteen years of age, upon the private parts of the body of E. B. Jr. son of the plaintiff, about eight years of age; which the plaintiff and defendant did, for themselves and said minors, submit to said arbitrators, for them to consider and award upon in every point of view, as it concerned the plaintiff and his said child, and the said S. B.— That the said arbitrators took upon themselves the burden of hearing the parties, and awarding on the matters submitted; and that they did make and publish the following award, viz. " We the subscribers, being appointed arbitrators, in a matter of difference between E. B. for himself and his son E. B. Jr. a minor, on the one part; and W. T. in behalf of S. B. a minor, and son of the wife of said W. T. as natural guardian to said S. B. on the other part: Which matter of difference is touching and concerning an injury done by said S. B. to the private parts of said E. B. Jr. and the cost and damages that have arisen in consequence of said injury, for surgeons, nursing, etc. and for the pain, distress,

and disability of said E. B. Jr.   The parties having con-
vened, etc. and heard respecting the premises, etc.    We do
award and determine, that said W. T. shall give and pay to
said E. B. for the purpose aforesaid, the sum of £110."

That the defendant hath neglected to comply with and per-
form said award; and that the plaintiff, in behalf of himself
and son, had always stood ready to comply with said award,
and to accept the sum awarded, in full satisfaction of said
injury.

To this there was a demurrer, and joinder in demurrer.

And the exception taken, was—That the award set forth
in the replication is void.

1. Because the arbitrators have awarded a sum in gross to
the parent, for his loss of service, and for the pain and disa-
bility of the infant; which ought to have been awarded to each,
in proportion to their several damages, that it might be plead-
able in bar of any future demand on the part of the infant.

2. Because the sum given by the award is not said to be
in discharge of the injury  complained  of;— therefore, it
makes no end of the controversy.

By the whole COURT.   It appears, by the submission, that
it was the intention of the parties, to refer the whole matter
of the damages done by the trespass, on the body of the in-
fant, to the decision of the arbitrators; and the award is cor-
respondent to the submission:   And the plaintiff had right
to receive satisfaction for the trespass done to his son (as he
was his natural guardian) as well as for the damage done to
himself; and it is immaterial whether the damage was ascer-
tained by agreement of the parties, or award of arbitrators:
Therefore, a recovery in this case will be a bar of any action

for that trespass, and the awarding entire damages cannot prejudice the defendant.—So judgment was for the plaintiff.